IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THEODORE TOPOLEWSKI, D.M.H. )
)
v. ) NO. 3-10-1220
) JUDGE CAMPBELL
QUORUM HEALTH RESOURCES, LLC, )
et al. )

MEMORANDUM

Pending before the Court is Defendant Coffee Medical Group's Motion to Dismiss (Docket No. 24). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's Count VII claim for procurement of breach of contract against Defendant Coffee Medical Group is DISMISSED.

Count VII of Plaintiff's First Amended Complaint (Docket No. 23) alleges that Defendant Coffee Medical Group (doing business as United Regional Medical Center) induced or procured the breach of Plaintiff's employment agreement with the other Defendants, in violation of Tenn. Code Ann. § 47-50-109. Defendant Coffee Medical Group argues that Count VII should be dismissed because there was no employment agreement between Plaintiff and the other Defendants. Defendant contends that Plaintiff was an employee-at-will and, therefore, there was no employment agreement to breach.

To recover for procurement of a breach of contract, a plaintiff must establish each of the following seven elements: (1) the existence of a legal contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intention to induce or procure a breach of the contract; (4) that the defendant acted maliciously; (5) a breach of the contract; (6) that the act complained of was the proximate cause of the breach of the contract; and (7) damages resulting from the breach

of the contract. *Wooley v. Madison County, Tennessee,* 209 F.Supp. 2d 836, 849 (W.D. Tenn. 2002). In Tennessee, unless there is a contract of employment for a definite term, a discharged employee may not recover against an employer for breach of contract because there is no contractual right to continued employment. *Id.*

Here, other than serving as an employee at will, Plaintiff had no valid employment contract with Defendants at the time of his termination. Thus, Plaintiff cannot establish one of the necessary elements under Tenn. Code Ann. § 47-50-109, the existence of a legal contract. Plaintiff cannot establish a breach of contract if there is no contract. *See Smith v. Harriman Utility Bd.*, 26 S.W.3d 870, 886 (Tenn. Ct. App. 2000); *Forrester v. Stockstill*, 869 S.W.2d 328, 330 (Tenn. 1994).

Plaintiff argues that he need only assert that there was a violation or refusal or failure to perform, not necessarily a breach. Docket No. 30, pp. 4-5. Even if that were true, Plaintiff still must establish the existence of a legal contract which could have been violated or that Defendant refused or failed to perform. There being no such contract, Plaintiff's claim under Tenn. Code Ann. § 47-50-109 fails.

For these reasons, Defendant Coffee Medical Center's Motion to Dismiss (Docket No. 24) is GRANTED, and Count VII of Plaintiff's First Amended Complaint is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE