**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **THEODORE TOPOLEWSKI, D.M.H.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:10-01220** |
| | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| | ) | |
| **QUORUM HEALTH RESOURCES,** | ) | |
| **LLC, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court upon a document headed "Objections to Subpoena to William Matheney, a Non-Party, Issued on April 12, 2011, and Motion to Quash Such Subpoena." Docket No. 38. Mr. Matheney has also submitted a Memorandum of Law. Docket No. 39.

Fed. R. Civ. P. 45(c)(2)(B) provides:

> (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> > (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

The instant subpoena was issued April 12, 2011, and the Court presumes that the subpoena was served, at the earliest, on April 12, 2011. The subpoena commands Mr. Matheney to produce and permit inspection and copying of a number of documents or things on May 1, 2011, at 10:00 a.m. Docket No. 38-1. Mr. Matheney's Objections were filed and served April 26, 2011, within 14 days after the subpoena was served.

Rule 45(c)(2)(B) allows a non-party served with a subpoena to make a written objection to it within a specified time period rather than filing a Motion to Quash. If the recipient makes such a timely objection, he is excused from compliance, and the burden essentially shifts to the party issuing the subpoena to move the Court for an Order compelling production or inspection. *See* **Moore's Federal Practice 3d** § 45.41[2][b], p. 45-74 to -75.

Because Mr. Matheney has made a timely written objection to the subpoena, his Motion to Quash is unnecessary, and it is DENIED AS MOOT.

IT IS SO ORDERED.

*E. Clifton Knowles*  
United States Magistrate Judge